**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ALBERTO MATTA,

                Movant,

- against -

UNITED STATES OF AMERICA and
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

                Respondents.

**DECLARATION OF RICHARD F. ALBERT IN SUPPORT OF APPLICATION FOR RETURN OF SEIZED PROPERTY**

I, RICHARD F. ALBERT, hereby declare:

1. I am counsel for Mr. Alberto Matta in this matter. I submit this Declaration in support of Mr. Matta's application, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, for an order directing Respondents to take the following actions:

   a. Return to Mr. Matta his Microsoft laptop computer identified by serial number 002729104057 (the "laptop") and all copies of data obtained from the laptop;

   b. Return to Mr. Matta all copies of data derived from Mr. Matta's Samsung Galaxy cellphone identified by International Mobile Equipment Identification number 353055152108298511 (the "cellphone"); and

   c. Identify all searches or reviews conducted of Mr. Matta's laptop or cellphone.

2. We proceed in the form of order to show cause, rather than notice of motion, because, as detailed below and in the declaration of Mr. Matta, the continued detention of Mr. Matta's cellphone and laptop, forensic copying of Mr. Matta's cellphone and laptop, and searches and reviews of Mr. Matta's cellphone and laptop, have violated, and continue to violate, Mr. Matta's Fourth Amendment right to be free from unreasonable search and

1

seizure; Mr. Matta is suffering ongoing prejudice from the illegal intrusion into his private information; and the government has failed to respond to counsel's repeated requests to provide any information or explanation regarding its conduct in this matter. No previous application for similar relief has been made to this Court or any other court.

3. On October 7, 2023, Homeland Security Investigations ("HSI") Special Agent Thomas Wilbert seized Mr. Matta's cellphone and laptop at JFK International Airport with no warrant and no apparent legal basis. The cellphone and laptop both contain sensitive business information, including client financial information and extensive communications and documents protected by attorney-client privilege and the work-product doctrine, and the cellphone contains substantial amounts of Mr. Matta's personal, private information.

4. Despite our providing notice to SA Wilbert and other HSI agents and supervisors that they lacked a legal basis for the seizure and any search, and that the cellphone and laptop contain sensitive, privileged, and confidential information, HSI has failed to return them, and declined to explain the legal basis for the seizure and searches, or to explain how they are safeguarding material subject to the attorney-client privilege or work-product doctrine.

5. A true and correct copy of my October 13, 2023 email correspondence with SA Wilbert is attached hereto as Exhibit A.

    a. As shown therein, on the morning of October 13, I emailed SA Wilbert to inquire about the cellphone and laptop. I advised SA Wilbert that I represent Mr. Matta and requested that SA Wilbert advise when he could speak to me over the phone.

2

    b. In response to my email, the same day, SA Wilbert responded that Mr. Matta's cellphone would be returned on October 16, 2023, but that the laptop would continue to be detained. SA Wilbert did not advise when he would be available for a phone call, nor did he call me or my office.

    c. I responded to SA Wilbert soon after he emailed, and I reiterated my request for a phone call with him or with any attorney or prosecutor involved in the seizure. SA Wilbert did not respond to my email.

6. On October 17, 2023, I received Mr. Matta's cellphone via overnight courier from SA Wilbert. The package contained the cellphone, only, with no correspondence.

7. Because I had not received any response to my requests to discuss the matter, I emailed SA Wilbert a letter regarding the seizure of the electronic devices. A true and correct copy of that October 17, 2023 letter (excluding its exhibit) is attached as Exhibit B.

    a. As set forth therein, among other things, I requested that SA Wilbert advise whether the electronic devices had been copied, whether the data had been searched, and the legal basis for the seizure and searches. I also notified SA Wilbert that the electronic devices contain sensitive business information, including extensive communications and other information protected by the attorney-client privilege and work-product doctrine.

    b. I also notified SA Wilbert that Mr. Matta and his company, Optimum Asset Management, S.A., fully assert those protections and all other privileges that apply to the electronic devices. I also reiterated my request for a phone call.

8. Having received no response from SA Wilbert, on October 19, 2023, I called the First Assistant United States Attorney for the Eastern District of New York to inquire about

3

the electronic devices. I left a voicemail requesting a return phone call. The same day, Assistant United States Attorney Whitman Knapp returned my phone call. I explained my concerns regarding the seizure of the electronic devices, and AUSA Knapp advised me that he would attempt to identify who, if anyone, in the United States Attorney's Office for the Eastern District of New York was involved in the matter. Later that day, AUSA Knapp advised that he had done a canvas of his Office and was unable to identify any Assistant United States Attorney who was involved in the search or seizure of Mr. Matta's electronic devices.

9. On October 23, 2023, still having received no response from SA Wilbert, and with Mr. Matta's laptop in continued detention, I emailed a letter to Katrina Berger, Executive Associate Director of HSI, and Ivan Arvelo, Special Agent-in-Charge of the New York Field Office of HSI. A true and correct copy of my October 23, 2023 letter (excluding its exhibit) is attached hereto as Exhibit C.

    a. As set forth therein, among other things, I advised Ms. Berger and SA Arvelo that SA Wilbert had not made himself available for a phone call despite my repeated attempts to contact him. I also repeated my concerns regarding the electronic devices and requested a phone call.

    b. To date, neither Ms. Berger, SA Arvelo, SA Wilbert nor anyone else on behalf of HSI or the Department of Homeland Security have responded to my inquiries.

10. At approximately 3:15 pm this afternoon I received an email from SA Wilbert asking if I would like Mr. Matta's laptop to be sent to my office. SA Wilbert's email did not say anything further; he did not respond to any of my questions regarding the reason for the seizure and status of any searches, nor did he indicate when the laptop would be returned.

4

11. Based on my experience, it is apparent, given the amount of time HSI has detained the electronic devices, that HSI has created or is well into the process of creating forensic copies of the data contained in the electronic devices for searching and review. I also believe that is highly likely that HSI personnel have conducted or are conducting searches and other reviews of that data.

12. As set forth herein, despite my repeated requests, at no time has anyone on behalf of the United States, HSI, or the Department of Homeland Security provided me with any factual or legal basis for the seizure or search of Mr. Matta's cellphone and laptop and the data contained therein.

I hereby declare under penalty of perjury that the foregoing is true and correct:

Dated: New York, New York
October 30, 2023

_____
Richard F. Albert