# Morvillo Abramowitz Grand Iason & Anello P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

ralbert@maglaw.com
212-880-9560

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

July 29, 2024

**Via ECF**
Hon. Orelia E. Merchant
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Matta v. United States et al.*, 23-MC-2909 (OAM)

Dear Judge Merchant:

On behalf of Alberto Matta, we respectfully write to call the Court's attention to certain decisions in this district issued since the April 1, 2024 filing of our reply brief that bear directly on legal questions pertinent to Mr. Matta's pending Rule 41(g) application. In particular, two other courts in this district have ruled that searches of electronic devices at the border violated the device owner's Fourth Amendment rights. *See United States v. Sultanov*, No. 22-CR-149 (NRM), 2024 WL 3520443 (E.D.N.Y. July 24, 2024); *United States v. Fox*, No. 23-CR-227 (NGG), 2024 WL 3520767 (E.D.N.Y. July 24, 2024).

In *Sultanov*, a case where the cell phone search at the border revealed evidence of child pornography, Judge Morrison held that any border search of a cell phone, whether manual or forensic, requires a warrant. *See* 2024 WL 3520443, at *21. After a thorough analysis of the relevant precedents, the court, relying on *Riley v. California*, 573 U.S. 373 (2014) and *United States v. Smith*, 673 F. Supp. 3d 381 (S.D.N.Y. 2023), determined that even manual searches require a warrant because "other than putting the device on airplane mode, there is . . . no meaningful limit on a manual search that any CBP officer may conduct at JFK." *Id.* at *20. Indeed, "[t]he only practical limitation on a manual search is a CBP officer's interest and zeal, and its potential scope is, in a word, breathtaking." *Id.* at *21. Observing that the reasonable suspicion standard "was designed to give law enforcement the tools needed to protect themselves and the public during brief, rapidly evolving street encounters," the Court held that "[p]ermitting the government to search any entering traveler's cell phone on a mere showing of reasonable

Morvillo Abramowitz Grand Iason & Anello P.C.

suspicion, and without any showing of exigency, does not satisfy the ultimate test of reasonableness under the Fourth Amendment." *Id.* at *23.[1]

In *Fox*, Judge Garaufis analyzed the reasonableness of CBP's seizure of a phone at Miami International Airport and the search of that phone by an HSI agent in New York who had become interested in seizing the phone a month prior, as part of an ongoing domestic fraud investigation. *See* 2024 WL 3520767, at *2–4. In a detailed opinion, the Court determined that the border search exception did not apply because the justifications for that exception—"border integrity, stopping contraband or individuals from entering the country, exigency, national security—are not present." *Id.* at *9. For completeness, the court further considered whether reasonable suspicion supported the seizure and searches. *Id.* at *12. Although law enforcement had reasonable suspicion that the defendant had engaged in past criminal activity, the court ruled that the search was nevertheless invalid even under the reasonable suspicion standard because it was "overly intrusive and outside the scope" of what that standard would authorize because, among other reasons, the suspicion developed "a month prior to the search" and the defendant was not "currently engaged in criminal activity" nor did she "pose[] a danger" when HSI established a notification to be alerted to her travel or when she arrived in the United States. *Id.* at *14–15.[2]

We call these decisions to the Court's attention because of their relevance, and because we believe that they illustrate how district courts in this Circuit are properly applying rigor in assessing claimed justifications for the extraordinary intrusion of a cell phone search. *See United States v. Silva*, No. 23-CR-204 (PGG), 2024 WL 3488305, at *6, *12 (S.D.N.Y. July 19, 2024) (Gardephe, J.) (suppressing search of cellphone seized from gang member at arrest; finding that relying on logic that "because cellphones have become ubiquitous and indispensable in daily life, anyone engaged in conspiratorial criminal activity would likely use his cellphone in connection with or to facilitate that criminal activity" would "entirely vitiate" the applicable standard for obtaining a warrant).

For the reasons stated in our motion papers, as further supported by these decisions, we respectfully request that the Court grant Mr. Matta's pending Rule 41(g) application.

Respectfully submitted,

/s/ *Richard F. Albert*

Richard F. Albert

cc. AUSA Alexandra Megaris

---

[1] The Court nevertheless denied suppression of material obtained through a later forensic search of the phone for which the government obtained a search warrant, because the good faith exception applied to the officers' reliance on the search warrant. *Id.* at 71.

[2] The Court also found that the HSI agent's delay in applying for a search warrant was unreasonable because it took 27 days from the date of the seizure and the government offered no explanation for that delay. *Id.* at *16–17. The court went on to determine that the good faith exception did not apply. *Id.* at *18–26.

2